1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DONALD GEORGE FLETCHER,

11            Petitioner,                No. 2:03-cv-00366 ALA HC

12        vs.

13    SCOTT P. RAWERS, Warden,

14            Respondent.              <u>ORDER</u>

15    _____/

16        Petitioner has filed a notice of appeal, and has simultaneously requested a certificate of

17    appealability ("Request for COA") (doc. 60).  A COA may issue "only if the applicant has made

18    a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a

19    district court has rejected the constitutional claims on the merits, the showing required to satisfy

20    § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find

21    the district court's assessment of the constitutional claims debatable or wrong."  *Slack v.*

22    *McDaniel*, 529 U.S. 473, 484 (2000).

23        Petitioner first claims that a COA should issue on the question of whether his trial

24    counsel was ineffective because counsel failed to call Michael Dahlstrom as a witness.  In

25    denying this claim, the Court agreed with Petitioner that trial counsel's failure to contact

26    Dahlstrom was unreasonable.  However, the Court concluded that the failure to contact

1

1  Dahstrom was not prejudicial.  The Court noted that Dahlstrom's testimony would not have

2  altered the evidentiary posture of the case; indeed, some of Dahlstrom's testimony bolstered the

3  prosecution's theory.  Furthermore, the Court stated that "the state's case against Petitioner was

4  not a close one," and described the testimony of eight prosecution witnesses.  June 27, 2008

5  Order (doc. 58) at 19-21.

6       Petitioner argues that a COA should issue as to this question because "Respondent has

7  conceded that the absence of Michaal [sic] Dahlstrom's testimony was prejudicial to Petitioner."

8  Request for COA at 3.  He claims that based on Respondent's concession, "the issue is debatable

9  among jurists of reason."  *Id.*

10      Respondent devoted most of its Answer to the unsuccessful argument that Petitioner

11  could not introduce new evidence at this stage of collateral review.  It devoted only three

12  paragraphs to Petitioner's arguably strongest claim (that failure to call Dahlstrom as a witness

13  constituted ineffective assistance).  The Court rejected Respondent's position that Dahlstrom's

14  testimony would have changed the outcome in Petitioner's trial.  Respondent's inadequate

15  responses to Petitioner's claims did not require the Court to grant Petitioner's application.

16  Respondent's poor choice of words also do not convert a claim that unquestionably fails into one

17  that is debatable among jurists of reason.

18      Petitioner also claims entitlement to a COA on the issue of Dahlstrom's testimony

19  because "[t]he Ninth Circuit has granted habeas relief on similar claims in other cases."  Request

20  for COA at 3.  However, the authority Petitioner cites in support of this contention, *Riley v.*

21  *Payne*, 352 F.3d 1313 (9th Cir. 2003), was distinguished by the Court.  The Court concluded that

22  because the facts in this case were *dissimilar* to those in *Riley*, habeas relief was unavailable.

23  June 27, 2008 Order at 19 ("Dahlstrom's testimony would not have 'created more equilibrium in

24  the evidence presented to the jury' as it did in *Riley*.").  Petitioner has failed to cite to any

25  authority that demonstrates that he has made a substantial showing of the denial of a

26  constitutional right.

1         Next, Petitioner claims that a COA should issue on the question of whether "counsel

2 failed to adequately interview and consult with petitioner regarding the case and any potential

3 witnesses and/or available defenses."  Request for COA at 4.  Petitioner claims that

> given the novelty of the [charges brought against Petitioner], the lack of a direct causal link connecting Petitioner to the accident, and trial counsel's reliance upon the weakness of the prosecution's case, there is sufficient conflicting view of the strength of the case to establish that the issue is debatable among jurists of reason . . . . [and] the Ninth Circuit has granted habeas relief on similar claims in other cases.

*Id.*  However, in rejecting this claim, the Court noted that "Petitioner's allegations of prejudice are conclusory.  Petitioner has not presented what sort of evidence would have been uncovered if trial counsel had interviewed him; therefore, he has not shown that the result of his trial would have been different but for counsel's failure to interview him before trial."  June 27, 2008 Order at 13.  Petitioner has not explained how, given the weakness of the prejudice aspect of this claim, he has in fact made a substantial showing of the denial of a constitutional right.  Rather, he has reiterated his arguments regarding the unreasonableness of counsel's conduct.  This is not enough to establish that the claim is viable.

        Finally, Petitioner claims that he is entitled to a COA on the issue of whether "trial counsel did not adequately investigate or consult any witnesses or expert witnesses to provide a counter to the technical evidence of the accident in the prosecution's case."  Request for COA at 4.  The Court rejected these claims, finding that "Petitioner's claims of prejudice are conjectural . . . . Petitioner has not affirmatively proven prejudice, but has hypothesized that certain facts not presented here might have changed the outcome of his trial."  June 27, 2008 Order at 14.  Here, as in his previous argument, Petitioner has not explained how, given the weakness of the prejudice aspect of this claim, he has made the showing necessary to support the issuance of a COA.

/////

/////

1    THEREFORE, it is ORDERED that petitioner's request for a certificate of appealability

2    (doc. 60) is DENIED.

3    /////

4    DATED: August 5, 2008

5
                                        /s/ Arthur Alarcón
6                                       UNITED STATES CIRCUIT JUDGE
                                        Sitting by Designation
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26